# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

MICHAEL R. HENDRIX, )
)
    Plaintiff, )
)
  v. ) No. 05-5134-SSA-CV-SW-WAK
)
JO ANNE B. BARNHART, Commissioner, )
Social Security Administration, )
)
    Defendant. )

## ORDER

  Claimant Michael R. Hendrix seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* He asserts the decision of the Administrative Law Judge (ALJ) that he has the residual functional capacity to perform a significant range of light work is not supported by the record. The parties' briefs are fully submitted.

### Standard of Review

  The reviewing court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

  Substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Young v. Apfel, 221 F.3d at 1068. It is

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

more than a scintilla of evidence, McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983), but is less than a preponderance of the evidence. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). The possibility of drawing inconsistent conclusions from the evidence does not prevent the Commissioner's finding from being supported by substantial evidence. Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d at 282. To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian, 697 F.2d at 220.

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

### Discussion

Claimant Michael Hendrix was born in 1967 and has a ninth-grade education. He alleges disability since January 2003 due to a hand condition, mild mental retardation and partial illiteracy. His work experience includes employment as a cook, preparation cook, dishwasher and pin setter at a bowling alley.

The ALJ found claimant had "medically determinable impairments consisting of status post right hand laceration with repair by ligament transfer from the right leg in approximately 1975 and subsequent right ring finger sublimis to thumb opposition transfer on May 27, 2003, mild arthritis and an old amputation regarding some of the fingers of the right hand, mild obesity, genital herpes, a history of hypertension, a history of depression, a history of alcohol abuse, and nicotine dependence." (TR at 15.) The ALJ did not find other conditions mentioned in the records and claimant's brief to be serious within the meaning of the Social Security Act because they did not appear to require ongoing treatment, were not documented with objective testing, or were not conditions significantly limiting claimant's ability to function in the workplace.

At the hearing before the ALJ, Hendrix testified that he has constant pain in his right hand, has no movement in it, and is unable to open and close his fingers to the palm. He stated he has no feeling in his right leg from his shin bone down to his foot due to a previous surgery. He stated he could walk about a block before needing to stop and rest, could stand for about fifteen minutes and could sit for about five minutes before needing to switch. He attributed this to lower back pain caused by arthritis and nervousness. He drives a car using his left hand.

Claimant stated he was in special education classes while in school and has trouble reading, making change, and doing simple math. His medications make him dizzy and forgetful, but he has not reported these side effects to his treating doctors.

After summarizing the medical evidence of record and claimant's testimony, the ALJ found Hendrix to not be fully credible. The ALJ noted the medical records did not support claimant's assertion that he was unable to move his right hand or that he had no feeling in his right leg from his shin bone down to his foot. The ALJ also noted inconsistencies in the way in which Hendrix reported the loss of his job at Red Lobster, his assertion of disability prior to learning whether medical treatment could alleviate his problems, and the lack of medical evidence supporting his subsequent claims relating to his mental health. The ALJ also found claimant's reported daily activities were inconsistent with his subjective complaints and that he was still gainfully employed for approximately 4 to 5 months after his alleged onset date.

In this appeal, claimant seeks remand because of error by the ALJ in determining claimant's residual functional capacity and credibility, in failing to obtain a consultative

3

Case 3:05-cv-05134-WAK    Document 13    Filed 07/27/06    Page 3 of 6

examination or IQ testing to determine claimant's mental status and illiteracy, and in failing to obtain proper vocational expert witness testimony.

The claimant, and not the Commissioner, has the burden of proving his or her residual functional capacity. Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). The ALJ's determination of residual functional capacity, however, must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC. Lewis v. Barnhart, 353 F.3d at 646.

Here, the ALJ determined, based upon the medical records, that Hendrix had the residual functional capacity to perform a significant range of light work. He found claimant could lift up to twenty pounds occasionally and ten pounds frequently with his left hand; could not lift with his right hand; could sit, stand or walk for six hours in an eight-hour workday with normal breaks; could only engage in gross handling with his right hand that did not require closing the fingers all the way to palm; should never climb ladders, ropes or scaffolds and should never crawl; and should not work around workplace hazards such as dangerous machinery or at unprotected heights.

The medical records contain no evidence limiting claimant's ability to use his left hand and arm and claimant testified he used it to drive, to start the car, to shift into gear, to open his can of tobacco and to put the tobacco in his mouth. Thus, there is evidence Hendrix had fairly good control of and ability with his left hand and arm.

The records indicate claimant's right hand condition improved after surgery, but that he continued to have some muscle atrophy and limited range of motion. The records did not indicate claimant was unable to move his right hand or that he had constant pain in it. At the hearing, claimant demonstrated an ability to touch his thumb and index finger together and to bend the other three fingers partially.

No physician documented an inability to use the right hand; a back or leg problem precluding standing, walking or sitting for any period of time; or other physically limiting conditions which would require a more restrictive residual functional capacity determination.

4

The ALJ apparently gave Hendrix the benefit of the doubt and precluded work requiring climbing, etc., and work around hazardous equipment, based upon the claimed side effects of his medication and the possible combined effects of the limited use of his right hand and decreased feeling in one leg and foot.

The ALJ did not find claimant had mild retardation or limited intellectual capacity because he had obtained minimally passing to low average grades at school.  Further, he had maintained employment where his supervisor reported he was an average employee who could read food orders and could order food supplies when needed.  Hendrix's work record indicates he was gainfully employed for a number of years and there is no suggestion in the record that his intellectual or mental ability was so impaired as to preclude all work.  The ALJ noted, however, that even if Hendrix was limited to simple work as suggested by one consultant, there remained sufficient work in the economy that claimant could do.  Examples of those positions were identified as outside deliverer, escort vehicle driver, fast foods worker, can filling machine operator, theater usher and parking lot attendant.

Finally, the records do not document that his physical condition deteriorated to such a degree that the combined effects of his impairments precluded all work.

The ALJ noted what he considered to be inconsistencies in the record between the subjective complaints of Hendrix and the medical records, and between certain medical notations or conclusions and claimant's treatment or activities.  "Where adequately explained and supported, credibility findings are for the ALJ to make."  Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000).  Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence.  Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).  Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole.  Dixon v. Barnhart, 353 F.3d at 605.  In this case, the court finds there is substantial evidence to support the ALJ's credibility findings and determination of claimant's residual functional capacity.

After carefully reviewing the administrative record, the court does not find the ALJ erred in failing to order IQ testing for claimant, in not otherwise developing the record regarding claimant's intellectual ability, or in accepting the testimony of the vocational expert in light of

her twenty years of experience in the workforce and experience working with individuals with limited or no use of one arm or hand.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds the agency's decision is supported by substantial evidence on the record.

For these reasons and those set forth in more detail in the Commissioner's brief, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 27th day of July, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge